IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 5:10-CR-116-3F
No. 5:12-CV-717-F

| | |
|---|---|
| JEREMY NORDON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER & MEMORANDUM** |
| ) | **AND RECOMMENDATION** |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court on the following motions filed by Petitioner Jeremy Nordon:

    1.    Motion to Toll Statute of Limitations [DE #281];

    2.    Motion to Vacate under 28 U.S.C. § 2255 [DE #284];

    3.    Motion to Stay Proceedings [DE #288];

    4.    Motion to Appoint Counsel [DE #289];

    5.    Motion for Request of Discovery Documents [DE #294];

    6.    Motion for Leave to Amend Motion to Vacate under 28 U.S.C. § 2255 [DE #298];

    7.    Motion to Amend Motion to Vacate under 28 U.S.C. § 2255 [DE #303];

    8.    Motion to Expedite Ruling on Motion to Vacate under 28 U.S.C. § 2255 [DE #331]; and

    9.    Motion to Appoint Counsel [DE #357]

The government has filed a Motion to Dismiss Petitioner's Motion to Toll Statute of Limitations and Motion to Vacate under 28 U.S.C. § 2255 [DE #291] and Petitioner has responded. The time for further filings has expired.

These motions have been referred to the undersigned for disposition or recommendation, as appropriate, pursuant to 28 U.S.C. § 636(b)(1) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings.

## STATEMENT OF THE CASE

On September 8, 2010, Petitioner pleaded guilty, pursuant to a written plea agreement, to one count of conspiracy to manufacture, distribute, and possess with intent to distribute fifty grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846. On October 20, 2011, the court sentenced Petitioner to a 144-month term of imprisonment. Petitioner did not appeal his sentence, but on November 2, 2012, he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

### I. Motion to Toll Statute of Limitations

Petitioner requests the court to toll the one-year statute of limitations that applies to Petitioner's ability to file a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. *See* 28 U.S.C. § 2255(f) ("A 1-year period of limitation shall apply to a motion under this section."). The limitation period generally begins to run from "the date on which the judgment of conviction became final." 28 U.S.C. § 2255(f)(1). If a defendant does not appeal his conviction or sentence, the judgment of conviction becomes final upon expiration of the fourteen-day period for filing an appeal. *United States v. Diallo*, 581 Fed. App'x 226, 227 (4th Cir. 2014) (citing *Clay v. United States*, 537 U.S. 522, 532 (2003)); Fed. R. App. P. Rule 4(b). Here, Petitioner's

2

Case 5:10-cr-00116-F   Document 359   Filed 04/06/15   Page 2 of 12

conviction became final on November 3, 2012, fourteen days after the entry of judgment of conviction on October 20, 2011. Petitioner filed his motion to vacate on November 2, 2012. Thus, his motion to vacate was timely filed, and his motion to toll the statute of limitation should be dismissed as moot.

## II. Motion to Expedite

Petitioner has filed a "Motion to Expedite Ruling on 28 U.S.C. 2255 Motions and Related Materials." As these matters are addressed herein, this motion is dismissed as moot.[1]

## III. Motion to Vacate and Motions to Amend

Petitioner filed his original motion to vacate on November 2, 2012, asserting claims of ineffective assistance of counsel, prosecutorial misconduct, and due process violations. The government filed a motion to dismiss for failure to state a claim on December 17, 2012, to which Petitioner responded on January 8, 2013. Petitioner subsequently filed motions for leave to amend on April 22, 2013, and June 17, 2013. Petitioner's motions to amend his § 2255 motion are allowed, but for the reasons set forth below, it is recommended that the government's motion to dismiss be granted.

### a. Due Process Violations

Petitioner asserts that the court violated his due process rights by: (1) erring in approximating substance purity and weight; (2) not erring on the side of caution in determining a drug conversion ratio; (3) choosing to not hire the court's own chemical expert; and (4) not adequately handling the conflict of interest presented at the final sentencing hearing.

---

[1] In his motion to expedite, Petitioner addresses a motion to amend his sentence pursuant to Amendment 782, which was not filed until after Petitioner's motion to expedite. The motion to amend Petitioner's sentence pursuant to Amendment 782 has not been referred to the undersigned, and that motion is therefore not addressed herein.

Petitioner's first three assignments of error are barred by his plea agreement. Specifically, Petitioner agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. . . .

(Plea Agreement at *1-2 [DE #129] (emphasis added).) Such waivers are enforceable so long as they are knowing and voluntary. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005). Petitioner has not alleged that his waiver was not knowing and voluntary, and there is no evidence in the record to support such a finding. Petitioner's claims fall within the scope of his plea waiver, and are, therefore, barred by his plea waiver.

Petitioner's fourth assignment of error was appropriately addressed by the court at sentencing. Petitioner's attorney moved to withdraw due to a conflict of interest created by the government's request to withdraw the motion for downward departure. The court refused to allow the government to withdraw its motion, so the conflict of interest never manifested. Therefore, this claim should also be dismissed.

### b. Prosecutorial Misconduct

Next, Petitioner alleges that the government engaged in prosecutorial misconduct in the following ways: (1) potential violation of discovery rules and law; (2) "causing coercion and duress on [Petitioner] by threatening government withdrawal from motion for downward departure . . . if [Petitioner] argued objections to PSR and substance weight or purity at sentencing"; (3) creating a conflict of interest with defense counsel; and (4) breaching the plea

4

agreement by utilizing the "'actual' methamphetamine substance stated in PSR when movant agreed to be sentenced to a mixture of methamphetamine substance." (Pl.'s Mem. Supp. Mot. Vacate at 14-15 [DE #284].) In his amended motion to vacate, Petitioner additionally asserts the following instances of prosecutorial misconduct: (1) the government "constructively amended" the indictment at sentencing to include an amount of "pure" methamphetamine instead of a mixture and (2) the government shifted the burden of proof to Petitioner to show that he was not responsible for over 50 grams of actual methamphetamine. (Pl.'s Mem. Supp. Mot. Am. at 7-9 [DE #304].)

Though Petitioner couches some of his arguments as prosecutorial misconduct and ineffective assistance of counsel, Petitioner is, in essence, attacking the court's application of the guidelines at sentencing. Specifically, Petitioner contends that he was incorrectly sentenced under 21 U.S.C. § 841(b)(1)(A) when he should have been sentenced under 21 U.S.C. § 841(b)(1)(B). Probation found Petitioner responsible for 104.9 grams of actual methamphetamine but noted that under 21 U.S.C. § 841(b)(1)(B) Petitioner's statutory minimum was a sentence of five years and his statutory maximum was no more than forty years. Petitioner's argument here stems from his belief that the court found him to be subject to a statutory maximum of life imprisonment. This was not the case, as he was correctly sentenced under 21 U.S.C. § 841(b)(1)(B). Petitioner has waived his right to collaterally attack his sentence in his plea agreement, and these claims should therefore be dismissed.

Moreover, Petitioner has failed to state a claim of prosecutorial misconduct. To determine whether prosecutorial misconduct has occurred, the court must determine "whether the conduct so infected the [sentencing hearing] with unfairness as to make the resulting [sentence] a denial of due process." *United States v. Scheetz*, 293 F.3d 175, 185 (4th Cir. 2002) (quotation

5

omitted); *see also McAllister v. United States*, No. 7:06-CR-44-D, 2012 WL 4801521, at *6 (E.D.N.C. Oct. 9, 2012). "The test for reversible prosecutorial misconduct has two components; first, the defendant must show that the prosecutor's . . . conduct [was] improper and, second, the defendant must show that such conduct prejudicially affected his substantial rights. . . ." *Scheetz*, 293 F.3d at 185.

Petitioner has not presented sufficient facts to make out a claim of prosecutorial misconduct. First, Petitioner has not alleged any facts to support a finding that the government violated the rules of discovery. Second, the government did not breach the plea agreement when the United States Probation Office found Petitioner responsible for over 50 grams of actual methamphetamine. As discussed above, Petitioner was sentenced according to 21 U.S.C. § 841(b)(1)(B) in accordance with the indictment and plea agreement. As such, the government did not "constructively amend" the indictment, nor did it shift the burden of proof to Petitioner.

Lastly, Petitioner maintains that the government created a conflict of interest between him and his attorney. At sentencing, Petitioner's counsel tried to argue objections to the pretrial sentence report. As a result, the government asked to withdraw its motion for downward departure. Petitioner's attorney then entered an oral motion to withdraw as Petitioner's attorney because the government's withdrawal would create a conflict of interest between her and her client. Subsequently, the court denied the government's request to withdraw the motion for downward departure. As such, the conflict of interest was resolved before Petitioner was sentenced. Furthermore, there is no remedy available for causing Petitioner distress by threatening to withdraw the motion for downward departure. Therefore, Petitioner's claims for prosecutorial misconduct should be dismissed.

6

### c. Ineffective Assistance of Counsel

Petitioner's argument that he received ineffective assistance of counsel should also be dismissed. As explained above, Petitioner is trying to collaterally attack his sentence, a right he waived in his plea agreement. However, to the extent Petitioner raises genuine issues concerning ineffective assistance of counsel, those claims should also be dismissed for failure to state a claim. Petitioner alleges that his counsel was ineffective in the following ways: (1) operating under a conflict of interest between defense counsel and the government; (2) not fully advising Petitioner of his rights at the time counsel made a motion to withdraw as counsel; (3) not objecting to the government's breach of the plea agreement; (4) not fully advising Petitioner of the sentencing guidelines on methamphetamine at the time Petitioner signed his plea and pleaded guilty; and (5) not questioning testifying chemists concerning methamphetamine production. (Pl.'s Mem. Supp. Mot. Vacate at 14.) In his motion to amend, Petitioner contends that his counsel was ineffective in these additional ways: (1) she failed to object to the "constructive amendment" of the indictment; (2) she failed to object to the significant procedural error in determining Petitioner's base offense level at sentencing; (3) she failed to object to the miscalculation of the drug weight attributable to petitioner at sentencing; and (4) she erroneously advised Petitioner not to appeal. (Pl.'s Mem. Supp. Mot. Am. at 6-7.)

To establish ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The reasonableness of counsel's performance must be judged according to the specific facts of the case at the time of counsel's conduct. *Id.* at 690. Additionally, a petitioner must show he was prejudiced by his attorney's ineffectiveness. *Id.* at 694. The

defendant bears the burden of demonstrating that counsel's assistance was neither reasonable nor the product of sound strategy. *Strickland*, 466 U.S. at 689.

In reviewing ineffective assistance claims, courts must make "every effort . . . to eliminate the distorting effects of hindsight," *id.* at 689, and to evaluate an attorney's performance "from counsel's perspective at the time of the alleged error and in light of all the circumstances," *United States v. Roane*, 378 F.3d 382, 410 (4th Cir. 2004) (citing *Kimmelman v. Morrison*, 477 U.S. 365, 381 (1986)). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Strickland*, 466 U.S. at 689.

Petitioner has presented no facts demonstrating that his attorney's performance was unreasonable under the circumstances or that he was prejudiced by his attorney's actions. As explained above, the perceived conflict of interest was fixed when the court did not allow the government to withdraw its motion for a downward departure, the government did not "constructively amend" the indictment, and the government did not violate the plea agreement. Secondly, the court properly advised Petitioner of the statutory minimum and maximum sentences under 21 U.S.C. § 841(b)(1)(B), and Petitioner includes no facts to support his allegation that his attorney misadvised him concerning his guideline range. The allegation that Petitioner's attorney did not object to the drug weight is not supported by the record. Rather, the record reflects that counsel did object to the drug weight attributable to Petitioner, but explained at sentencing that the government had threatened to withdraw the motion for downward departure if she pursued the objection. Next, the record reflects that Petitioner's attorney did question each of the government's witnesses. Lastly, Petitioner's attorney's advice concerning appeal was not unreasonable. Petitioner had signed a plea agreement agreeing to waive his right

8

to appeal; thus it was not unreasonable for counsel to advise Petitioner that there was no basis for appealing. Furthermore, in a letter addressed to defense counsel dated January 2, 2012, Plaintiff stated, "Considering the fact that all I have to say about your performance as my attorney is good, I don't see how I can say that there was ineffective assistance of counsel." (January 2, 2012 Letter, at 1 [DE # 281-8].)

Petitioner has failed to present any facts to support a finding of ineffective assistance of counsel. Therefore, these claims should be dismissed.

### IV. Motion to Stay

Petitioner filed a motion to stay his § 2255 proceedings, stating that the government has impeded his preparation, research, and review of "all the relevant discovery and legal material" pertaining to his motion to vacate. (Pl.'s Mot. Stay at 1 [DE #288].) Petitioner claims that the Bureau of Prisons lost the only copy of his legal materials. He requests sixty days after receiving the materials to review and file a motion to amend his motion to vacate. However, Petitioner timely filed a § 2255 motion to vacate and has since filed two motions to amend. Moreover, a substantial period of time has elapsed since Petitioner's filing of the motion to stay and there is no indication that Petitioner has been precluded from raising any pertinent issues. Thus, this motion is denied.

### V. Motion to Appoint Counsel

Additionally, Petitioner has filed two motions to appoint counsel. There is no constitutional right to counsel in habeas corpus actions. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Under 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel in a habeas corpus proceeding if it determines that "the interests of justice so require." The court perceives no

9

Case 5:10-cr-00116-F   Document 359   Filed 04/06/15   Page 9 of 12

issues of great legal complexity, and therefore the interests of justice do not mandate the appointment of counsel. Petitioner's motions for appointment of counsel are therefore denied.

## VI. Motion to Request Discovery Documents

Petitioner requests the court to give him the following documents: Petitioner's plea agreement, plea hearing transcripts dated September 8, 2010, and sentencing transcripts dated October 19, 2011 and October 20, 2011. Petitioner explains that he needs these documents in order to supplement his facts in his § 2255 motion and finalize his claim. (Pl.'s Mot. Discovery at 2 [DE #294].)

The circumstances under which the Court may provide an indigent criminal defendant a copy of his transcript at the court's expense are addressed by 28 U.S.C. § 753(f). Specifically, section 753(f) states that a free transcript shall be provided to an indigent criminal defendant to bring an action pursuant to a § 2255 proceeding "if the trial judge ... certifies that the suit ... is not frivolous and that the transcript is needed to decide the issue presented by the suit, ..." 28 U.S.C. § 753(f); *see also United States v. MacCollom,* 426 U.S. 317, 326 (1976). Additionally, an indigent defendant must make a showing of a particularized need to obtain a free transcript. *See United States v. Hill,* 34 F. App'x 942, 943 (4th Cir.2002) (unpublished). An indigent defendant may not obtain a free transcript "merely to comb the record in the hope of discovering some flaw." *United States v. Glass,* 317 F.2d 200, 202 (4th Cir. 1963). Further, in order to invoke the rules of discovery under either the Federal Rules of Civil Procedure or the Federal Rule of Criminal Procedure, a petitioner must present good cause. *Townes v. Murray*, 68 F.3d 840, 854 (4th Cir. 1995).

On May 16, 2012, the court denied Petitioner's request for a free copy of transcripts of his sentencing hearing because Petitioner had not satisfied the above requirements. The motion

10

presently before the court also fails to make the necessary showing. Petitioner timely filed his § 2255 motion and has twice amended the motion. Petitioner has not provided good cause for conducting discovery, nor has he established a particularized need for the requested transcripts. Additionally, at the direction of the court, the clerk mailed Petitioner a copy of his plea agreement on April 6, 2015. Petitioner's motion for further discovery is denied.

## **CONCLUSION**

For the foregoing reasons, it is ORDERED as follows:

1. Petitioner's Motion to Toll Statute of Limitations [DE #281] is DISMISSED as moot;

2. Petitioner's Motion to Stay Proceedings [DE #288] is DENIED;

3. Petitioner's Motion to Appoint Counsel [DE #289] is DENIED;

4. Petitioner's Motion for Request of Discovery Documents [DE #294] is DENIED;

5. Petitioner's Motion for Leave to Amend Motion to Vacate under 28 U.S.C. § 2255 [DE #298] is GRANTED;

6. Petitioner's Motion to Amend Motion to Vacate under 28 U.S.C. § 2255 [DE #303] is GRANTED;

7. Petitioner's Motion to Expedite Ruling on Motion to Vacate under 28 U.S.C. § 2255 [DE #331] is DISMISSED as moot; and

8. Petitioner's Motion to Appoint Counsel [DE #357] is DENIED.

It is further RECOMMENDED that the government's motion to dismiss [DE #291] be GRANTED and Petitioner's Motion to Vacate pursuant to 28 U.S.C. § 2255 [DE #284] be DENIED.

The Clerk shall send a copy of this Order and Memorandum and Recommendation to the parties, who shall have fourteen (14) days from the date of service to file written objections.

Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 6th day of April 2015.

_____
KIMBERLY A. SWANK
United States Magistrate Judge